## JAMES STUART V. THE PEOPLE.

*Waiver of examination on criminal charge—Alibi.*

One who is arrested on a criminal warrant can either insist upon or waive examination, and if he waives it, may be held for trial on the showing upon which the warrant for arrest was issued.

Where a person under arrest waives a preliminary examination, the magistrate may bind him over for trial for the offense charged in the complaint and warrant, and the prosecuting attorney can file an information charging him with any offense covered by the warrant and sustained by the evidence on which it was issued.

If a person is arrested on a warrant charging an offense including lower grades, he should not waive examination if he wishes the examining magistrate to specifically designate the offense committed.

Where persons held for trial for a joint offense were arrested on separate complaints and warrants, they may still be joined in the information and jointly tried unless they claim separate trials under Comp. L., § 7960.

An information as for a joint offense may be filed even though it does not appear from the return of the examining magistrate that it was committed jointly; but the burden of proving that it was jointly committed is on the prosecution.

Proving an *alibi* does not impose the burden of showing that the accused was absent at the very time at which the evidence for the prosecution tends to show the offense was committed, nor need it absolutely preclude the possibility of his being at both places.

In a prosecution for burglary, *it seems* that the mere possession of articles stolen is not *prima facie* evidence of guilt of the burglary.

Error to Superior Court of Grand Rapids. Submitted October 29. Decided November 29.

BURGLARY. Plaintiff in error was found guilty below.

*Fred A. Maynard* for plaintiff in error. The possession of property recently stolen is only evidence against the accused which must be considered by the jury in connection with other evidence, 2 Bish. Cr. Pro., § 740; *Reg. v. Langmead*, 9 Cox Crim. Cas., 465; *People v. Walker*, 38 Mich., 156; *Gablick v. People*, 40 Mich., 292; *Stover v. People*, 56 N. Y., 315; *State v. Hodge*, 50 N. H., 510; *People v. Chambers*, 18 Cal., 382; *People v. Rodundo*, 44 Cal., 538; *People v. Getty*, 49 Cal., 581; *People v. Ah Ki*, 20 Cal., 177; *Conkwright v. People*, 35 Ill., 204; *State v. Hogard*, 12 Minn., 293; *Yates v. State*, 37 Tex., 202; *State v. Williams*, 2 Jones (N. C.), 194; *State v. Shaw*, 4 id., 440; *State v. Reid*, 20 Ia., 419; 1 Hawley's Crim. Cas., 574; in setting up an *alibi* the defendant need not establish it beyond a reasonable doubt if there is sufficient evidence to cause a reasonable doubt, 2 Bish. Crim. Pro., [2d ed.], § 16; *French v. State*, 12 Ind., 670; *Adams v. State*, 42 Ind., 373; *Binns v. State*, 46 Ind., 311., *West v. State*, 48 Ind., 483; *Kaufman v. State*, 49 Ind., 248; *Line v. State*, 51 Ind., 173; *Toler v. State*, 16 Ohio St., 583; *Miller v. People*, 39 Ill., 458; *Fife v. Com.*, 5 Casey, 429; a prosecution for distinct offenses coupled in one count and subject to different penalties should be confined to a distinct act, *People v. Jenness*, 5 Mich., 305; *People v. Clark*, 33 Mich., 112; *People v. Schweitzer*, 23 Mich., 501.

Attorney General *Otto Kirchner* for the People.

MARSTON, J. The respondent was charged, tried, convicted and sentenced. Several errors have been assigned. Each will be considered, so far as deemed important.

The respondent was arrested upon a warrant issued upon a complaint sufficient in form and substance, waived

examination, and was thereupon held for trial. A motion was made to quash the information and denied. This is alleged as error.

It was insisted upon argument that even although the respondent waived an examination before the examining magistrate, yet that evidence must have been introduced by the People in order that the magistrate might find that a crime had been committed and that there was probable cause to believe that the respondent was guilty thereof; and where more than one offense was charged in the complaint and warrant, that the magistrate might be able to judicially determine from such evidence, for which offense the party might be committed and put on trial, and in support of these positions we are cited to Comp. L., § 7855 and *Yaner v. People,* 34 Mich., 286.

The section referred to requires the magistrate before whom any person is brought upon a charge of having committed an offense not cognizable by a justice, to proceed as soon as may be, to examine the complainant and the witnesses in support of the prosecution, in regard to the offense charged. A compliance with this section the accused has a clear right to insist upon, and he just as clearly has the right to waive it, thereby consenting that he be held for trial for the offense charged against him. The statute clearly recognizes this right, and authorizes an information to be filed where such examination has been waived. § 7944. And where the accused waives his right to such examination, no witnesses need be produced, sworn or examined on the part of the prosecution. The magistrate is not authorized to issue a warrant except upon complaint made that a crime has been committed, and after an examination by him of the complainant on oath, and any witnesses that may be produced by him. If it appears from such examination that a criminal offense has been committed, then the warrant is issued. The showing thus made for the issue of a warrant is sufficient evidence upon which the magis-

trate may hold the person charged in the complaint and warrant, if when brought before him he waives the right given him by statute to have an examination of the witnesses in his presence. Such we believe has been the well settled practice, acquiesced in under this statute. There is nothing in the case of *Yaner v. People* indicating even a different practice. In that case there was an examination of witnesses under the statute in presence of the accused. In such a case the magistrate must, from the evidence then introduced, unless after a part is given, further examination is waived, determine what offense has been committed and whether there is probable cause to believe the person accused guilty thereof. Where such examination is waived, the magistrate binds the party over for trial for the offense charged in the complaint and warrant, and the prosecuting attorney may file an information charging any offense contained in the warrant which in his opinion the evidence will sustain. If the accused desires that the examining magistrate shall more specifically designate the offense committed, where the one charged in the warrant includes others of less degree, then he must not waive examination as in this case.

It appeared that the complaint and warrant under which the respondent was arrested and bound over charged him alone with the commission of the offense. Three others had been complained of, examined and held for the same offense. The information filed charged the four jointly. Error is alleged that respondent having been arrested and held for trial on a separate complaint and warrant, he could not be charged jointly with others in the information.

Where parties have been arrested upon separate complaints and warrants, and held for trial for a joint offense, we are of opinion that they may be jointly charged in the information, and so tried, unless they claim separate trials under the statute. That the offense was by them committed jointly, need not necessarily appear from

the returns of the examining magistrate, in order to give the prosecuting officer the right to file a joint information. The proof upon the trial must show the offense to have been jointly committed, and the burden of so proving would be on the People. Criminal prosecutions for offenses not cognizable by a justice may be commenced and carried on before the examining magistrate by private persons, and without the consent or even knowledge of the prosecuting attorney. They cannot, by a severance in the first instance, thus bind the public prosecutor to file separate informations. If parties jointly concerned in the commission of a criminal offense, when tried therefor upon separate informations, could be called as witnesses for the accused, in the particular case on trial, as urged by counsel—a point we need not determine—it would be a very strong reason why the prosecuting officer should have the right to join them in the same information, even where they had been arrested and examined separately. Many cases must arise where all the parties implicated in the commission of a criminal offense, may for the first time appear on the examination of those first charged and undergoing examination. In such case it should not be necessary to discharge those arrested, examined or bound over, and commence again against all, in order that they could be put on trial jointly, so all may be jointly complained of and charged in the warrant, but because not arrested in time, may be examined separately; yet no good reason appears why in such cases the trials should be separate.

No one can be informed against and put upon trial until it has been judicially determined that a crime has been committed, and that there is probable cause to believe him guilty thereof, and whether this has been done upon a joint or separate complaint, the right of the accused is fully protected. He is not put upon trial for another or different offense than the one upon which he was arrested and examined, or waived examination. He is put upon trial for the same offense, with

others who, in like manner, it has been determined, jointly participated with him in the commission of the offense, and if the evidence introduced on the trial, shows they acted together, they have been deprived of no legal right, and have therefore no just cause of complaint.

Evidence was introduced tending to show that the respondent was not guilty of the offense charged, because absent from the place at the time it was committed. The charge of the court upon this question appears in a note hereto.[1] The instruction that proof of an *alibi* "must cover the time that the offense is shown to have

---

[1] "Now the defense in this case consists in what is termed in law an *alibi;* that is, it is claimed on the part of the respondent that he was not there at the time of the commission of this offense and had nothing to do with it, and he introduces what is termed in law evidence tending to show an *alibi;* the prisoner relies upon evidence of an *alibi;* that is, to show that he was at the time at another place, at the time that this crime was committed. That is the defense, and this defense, when satisfactorily made out, necessarily overturns the strongest circumstantial evidence, and it is sometimes the only available defense to an honest, innocent man; but in every case where a defense of *alibi* is resorted to, it should be closely scrutinized. It is a defense which may be contrived by subornation of perjury, and by perjury. The proof, therefore, to sustain it, should be subjected to rigid scrutiny, because, while attempting to contradict or rebut the evidence of the fact sustaining the charge, it attempts to prove affirmatively another fact wholly inconsistent with it. And this defense is equally available, if satisfactorily established, to avoid the force of positive as of circumstantial evidence.

If there be any conflict of evidence then tending to support, or tending in some degree to overthrow the other, it is for the jury to decide where the truth lies. The prisoner has undertaken to prove that he could not have been where this offense was committed, or the means were used to effect it. Your attention is directed to the time at which the witnesses for the defense testify that they saw the prisoner, and to the particular circumstances in detail, keeping in mind the other evidence in the case showing the hour in the night that the offense was committed.

Now I call your attention particularly to the instruction that I gave you. When the defense raises the proof of an *alibi*, it must cover the time that the offense is shown to have been committed, so as to preclude the possibility of the prisoner's presence at the place of the burglary. Although the prisoner makes no admission of guilt by setting up the *alibi*, yet clearly the value of the defense consists in his showing that he was absent from the place where the deed was done, and at the very time that the evidence of the People tends to fix its commission upon him. If, however, it be possible that he could have been at both places, the proof of *alibi* is valueless. With these instructions, gentlemen, the court will now proceed to give you such requests of counsel as the court has thought proper and legal to give."

been committed, *so as to preclude the possibility of the prisoner's presence at the place of the burglary,*" \* \* and that "the value of the defense consists in his showing that he was absent from the place where the deed was done, and *at the very time* that the evidence of the People tend to fix its commission upon him. If, however, *it be possible that he could have been at both places, the proof of alibi is valueless,*" was casting a burden upon the accused much heavier than the law would justify or than it required. No such strict proof is required, and to so hold would render the defense, no matter how honestly made, in most cases valueless. For this error the judgment must be reversed and a new trial ordered. *Sullivan v. People,* 31 Mich., 1.

Exceptions were taken to that part of the charge wherein the court instructed the jury that if they should "find that the burglary was committed, and there were articles stolen from the store at the time of the commission, and these articles were found upon the person of the respondent, or he assumed the control over them, then it raises the presumption that the respondent not only stole the articles but committed the burglary."

This instruction, if standing alone, could not be sustained. Possession alone, unsupported by other facts indicative of guilt, would not, we think, be *prima facie* evidence that the respondent committed the burglary. When taken and considered with other evidence in the case it might be sufficient to satisfy the jury. It is not quite clear but that, taking the entire charge relating to this question, the error was cured. We need not, however, consider this question at length, as the objectionable portion of the charge above quoted will not be likely to be given again upon a new trial.

For the error already pointed out the judgment will be reversed and the respondent remanded to the custody of the sheriff of Kent county, for farther proceedings.

The other Justices concurred.