PEOPLE v. HOGAN.

BURGLARY—EVIDENCE—SUFFICIENCY.

One of two burglars escaped by breaking through a window, but the other was killed. The next morning respondent was arrested at a neighboring town, taken to the place of the burglary, and acknowledged that the dead burglar was his friend. They had been seen together the afternoon before the burglary, going towards another house, from which a pair of shoes and two shirts were stolen. Respondent had on the shirts, and the dead burglar wore the shoes at the time he was killed. They were also seen together late on the night of the burglary. Respondent had a cut on his hand, and was also shown to have breakfasted at a place between the town where he was arrested and where the burglary was committed. *Held*, to warrant a conviction of the burglary.

Error to Cass; Coolidge, J. Submitted February 1, 1900. Decided March 6, 1900.

Harry Hogan was convicted of burglary. Affirmed.

*Charles E. Sweet,* for appellant.

*Cassius M. Eby,* Prosecuting Attorney, for the people.

MOORE, J.    The respondent appeals from a conviction upon the charge of burglary.    The record shows that early one morning in May, 1898, a night watchman in the village of Marcellus discovered burglars in a hardware store.    He obtained the assistance of the village marshal, and the two repaired to the rear of the store.    When they were within a short distance of the back door, a man stepped out with a drawn revolver, and directed them to throw up their hands.    The marshal at once shot and killed the man.    Almost immediately after this they heard a crash in the front of the store, and found a window broken out, and heard the footsteps of a man running away.    The next morning the respondent was arrested at Cassopolis.    He said he stayed the night before at South Bend, Ind.    When taken to Marcellus and shown the dead man, he at first denied any acquaintance with him, but afterwards said that he was the best friend he ever had, and that his name was Helmer.    There was a small cut upon the hand of respondent when arrested, which he said was made upon a tin can he was using to make coffee for breakfast.    Testimony was given on the part of the people tending to show that, on the afternoon of the burglary, the respondent and Helmer were seen going towards the house of Mr. Clark, near Marcellus.    Mr. Clark and his people were not at home.    When they returned, it was found that the house had been entered in their absence, and, among other things, two shirts and a pair of shoes were stolen.    Testimony was given that two persons, who the witness believed were respondent and Helmer, were seen in Marcellus about 11 o'clock the night of the burglary.    It was also shown that respondent, the next morning after the burglary, stopped at a house between Marcellus and Cassopolis, and was given his breakfast. The shoes stolen from Mr. Clark were on the feet of the dead man when he was shot.    The shirts were on the

respondent when he was arrested. He denied that he had stolen them, but said that he bought them of two strangers. He was sworn as a witness in his own behalf.

It is argued in the brief of counsel that there is no evidence whatever that the respondent committed the burglary. It is said that the judge erred in leading the jury to believe that, if the respondent was guilty of the larceny of the shirts, he was guilty of the burglary; counsel arguing that the possession of stolen property is not *prima facie* evidence of the guilt of the party in possession of it, and citing *People* v. *Gordon*, 40 Mich. 716, and *Stuart* v. *People*, 42 Mich. 255 (3 N. W. 863). We cannot agree with counsel in his opinion of the evidence. There was a great deal of testimony tending to show the guilt of respondent. In view of the various claims made by respondent as to where he spent the night of the burglary, and of how he came by the shirts, and of his denial that he knew Helmer or that he was in Marcellus when the burglary was committed, the testimony of which we have given a brief summary was all competent. The learned judge was very careful to say to the jury they were not to convict the respondent of burglary unless his guilt was shown beyond a reasonable doubt. It is true, he said to them that the unexplained possession of goods recently stolen might be evidence of the larceny of the goods, which we understand to be the rule. *People* v. *Carroll*, 54 Mich. 334 (20 N. W. 66); *People* v. *Walters*, 76 Mich. 195 (42 N. W. 1105). But he also charged the jury that respondent was a competent witness in his own behalf, and they had the right to consider his testimony the same, precisely, as they would that of any other witness. He also told them that while the finding of the shirts in possession of the respondent, if it be true, and his not giving a reasonable account of how he came by them, is evidence of his guilt of larceny, it is not evidence of burglary. In another part of the charge they were told that, if respondent was guilty of the larceny of the shirts, it was not evidence of a burglary,

but it was an important fact in the case. The learned judge was careful to see that respondent had a fair trial, and we do not see how, from the evidence, the jury could reach any other conclusion than the one reached by them.

The conviction is affirmed.

The other Justices concurred.