Winsky v. State, 126 Wis. 99.

---

WINSKY, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 7—October 24, 1905.*

*Criminal law: Circumstantial evidence: Burglary: Entry in night-time: Possession of stolen goods.*

1. In a criminal action any fact necessary to be proved in order to convict may be proved by circumstantial evidence.
2. Upon a trial for burglary the evidence (including defendant's testimony that at about 1 o'clock a. m. a man coming out of an alley near the burglarized store saw him and dropped the stolen goods and ran away, and that he picked them up and took them home) is *held* sufficient to warrant the jury in finding that the burglary was committed in the nighttime.
3. Defendant's possession of the stolen goods, with his improbable story as to how he obtained them, and evidence of other facts and circumstances indicative of his guilt are *held* to sustain a verdict of guilty.

ERROR to review a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Plaintiff in error was convicted on the 27th day of September, 1904, of the crime of burglary, alleged to have been committed on the 26th day of June, 1904, and sentenced to confinement in the state prison for the term of three years, and assigns the following errors: First. There was adduced on the trial of said action no evidence that the burglary therein charged was committed in the nighttime. Second. There was no evidence adduced on the trial of said action sufficient in law to connect the defendant with the entry of the building as charged in the information. Third. The court erred in admitting incompetent and irrelevant evidence over the objection of the defendant. Fourth. The court erred in refusing to arrest judgment and grant a new trial in said action as prayed for by defendant.

*John A. Daniels,* for the plaintiff in error.

For the defendant in error the cause was submitted on the brief of the *Attorney General* and *A. C. Titus,* assistant attorney general.

KERWIN, J.   Counsel for plaintiff in error does not urge the admission of incompetent and irrelevant testimony as error, but confines his argument for reversal to the following propositions: First, that there was adduced no evidence that the burglary was committed in the nighttime; and, second, that there was no evidence sufficient to connect defendant with the entry of the building.

The evidence produced tends to establish that on the 26th day of June, 1904, one Sebastian Boma kept a grocery and saloon on Third street, in the city of La Crosse, near the Burlington depot; that he was in his store with one of his clerks until about 7 p. m. on the day aforesaid; that they went out after closing and fastening the building, and it was not afterwards visited by them until the following morning at 6 o'clock; that during the night, and between the hours mentioned, the building was broken into and property taken,. consisting principally of pennies, small silver coin, a bottle of whisky, some tobacco, loaves of bread, an old silver watch chain, a small locket and chain, and some beer checks with the initials of Boma thereon.   June 29th defendant was arrested in a saloon in the city of La Crosse and part of the property found in his possession; the beer checks, chain, and locket being afterwards identified by Boma as his property. On the morning following the burglary it was found that the entry had been made through a rear window of the saloon, a pane of glass having been broken out.   Drops of blood were found on the window sill, and blood daubed on the casing. There was evidence that at the time plaintiff in error was arrested he had a ragged cut on the second finger of his left hand between the nail of the first joint and the knuckle, which appeared to be two or three days old, and that when arrested

he denied his name. He testified that he went to the park when it got a little dusk on the evening of June 26th, and stayed as late as 1 o'clock, at which time he started home in the direction of Boma's store, and as he passed the Burlington depot saw a fellow coming out of the alley with the stuff, and that when the man saw him he dropped it and ran away, and plaintiff in error picked it up and took it with him, but told no one about it. He was familiar with the store and saloon; had been there and bought drinks. He first denied, and afterwards admitted, that he had been drinking on the evening of the burglary, but says he was not drunk. When arrested, a bag of pennies, a bag of silver coin, a plug of tobacco, beer checks, a chain and locket, loaded revolver, and skeleton keys were found in his possession. One of the keys would open any door lock. He also had a solid key, which could be filed into any shape. He admits that he picked up a bottle of whisky, three loaves of bread, and a package of coffee, and says the money was in the package with the coffee and the bread in a sack.

It is assigned as error that no evidence was adduced upon the trial that the burglary was committed in the nighttime. The proof on the part of the state shows, or tends to show, that the building was entered between 7 o'clock in the evening and 6 o'clock in the morning, and the property, some of which was found in the possession of the plaintiff in error, taken therefrom, and it is claimed that because nighttime on June 26th began at 28 minutes past 8 o'clock p. m. and ended at 37 minutes past 3 o'clock a. m., June 27th, therefore it was not established that the burglary was committed in the nighttime. But the plaintiff in error went upon the stand, and testified in his own behalf that he did not get the goods until about 1 o'clock a. m. on the 27th, at which time he admitted being in the vicinity of the store, and further testified that, after getting possession of the goods, he went home. So it is established by the evidence of the plaintiff in error him-

self that he did not get possession of the goods during the day-time. If he broke and entered and took the goods, he did so in the nighttime, upon his own evidence, and the state is enti-tled to the benefit of any fact proved on the trial by the ac-cused. In *Firmeis v. State,* 61 Wis. 140, 142, 20 N. W. 664, this court said:

"As the accused may admit the entire charge against him by a plea of guilty, it would seem absurd to say that he may not, on the trial, admit any fact which it is necessary to prove in order to establish his guilt."

Besides, it was not necessary that the breaking and enter-ing should be established by direct proof, but like any other fact may be established by circumstantial evidence. Counsel for plaintiff in error strenuously contends that proof of the *corpus delicti* must be made by direct evidence, and cannot be established by circumstantial evidence; but the doctrine is well supported by authority, and is not an open question in this court, that any fact necessary to be proved in order to convict may be proved by circumstantial evidence. *Buel v. State,* 104 Wis. 132, 80 N. W. 78; *Zoldoske v. State,* 82 Wis. 580, 52 N. W. 778; *Simon v. State,* 125 Wis. 439, 103 N. W. 1100; *State v. Bancroft,* 10 N. H. 105; *Smith v. State,* 62 Ga. 663; 1 Wharton, Crim. Law (10th ed.) § 808; *State v. Leaden,* 35 Conn. 515. In *State v. Bancroft, supra,* there was no direct proof that the burglary was committed in the nighttime, other than the fact that the property was in the house after dark and was missing the next morning when the witness arose; and the court said that this evidence "led very strongly to the conclusion that it was taken in the course of the night, although the precise hour when the witness called it dark did not appear, and the time when she arose in the morning was not stated. At whatever time in the morn-ing the loss was discovered, the jury might well weigh the probability whether the article would have been taken from the house in the daytime, in connection with the other evi-

dence.  It was sufficient that, upon the whole case, they had no reasonable doubt that the act was done in the nighttime." Sufficient appears from the evidence in the case before us to warrant the jury in finding that the entry was made in the nighttime.  *Simon v. State, supra.*

It is further contended that there is no evidence sufficient in law to connect plaintiff in error with the entry of the building, and that possession of stolen property is not evidence of burglary.  While, in cases of burglary, possession of stolen goods, unaccompanied by other suspicious circumstances, is not sufficient to make a *prima facie* case, such possession, however, is sufficient, where other facts and circumstances are proved indicative of guilt.  *Simon v. State, supra;* Wharton, Crim. Ev. (9th ed.) § 763; *Knickerbocker v. People,* 57 Barb. 365; *Stuart v. People,* 42 Mich. 255, 3 N. W. 863; *Methard v. State,* 19 Ohio St. 363.  Here the accused failed to give any sensible or satisfactory account of his possession of the stolen property; at least it was for the jury to say whether such was given.  It is evident they found it was not, and there is ample evidence to support that finding.  In addition to the improbable story as to how accused got possession of the property, as well as his dealings with it afterwards, many other facts indicative of guilt were proved which it is unnecessary to detail here.  We think sufficient was proved to justify the jury in finding a verdict of guilty.  *Simon v. State, supra; Buel v. State, supra; Ryan v. State,* 83 Wis. 486, 53 N. W. 836; *State v. Snell,* 46 Wis. 524, 1 N. W. 225; *Graves v. State,* 12 Wis. 591; *Magee v. State,* 139 Ill. 138, 28 N. W. 1077.

*By the Court.*—The judgment of the court below is affirmed.

MARSHALL, J., dissents.