LUNDSTRUM, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 15—June 3, 1909.*

Habeas corpus: *Review of evidence on preliminary examination:* *Complainant need not be examined: Directory statute: Confession.*

1. In a proceeding by *habeas corpus* to procure the discharge of one held for trial after a preliminary examination, the court can only examine the evidence sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate.
2. A legal preliminary examination may be had without calling the complainant as a witness, the provision in sec. 4786, Stats. (1898), that the magistrate shall examine him being directory merely.
3. A confession of guilt by the accused may be received and considered by the examining magistrate in connection with other evidence as tending to prove that an offense has been committed and that there is probable cause to believe the accused guilty thereof.
4. The evidence (including the confession) on the preliminary examination of one charged with murder is *held* sufficient to justify the magistrate in holding her for trial.

ERROR to review an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Plaintiff in error, *Alberta Lundstrum,* was charged with having murdered one Otto E. Lundstrum. The order sought to be reviewed was one made in *habeas corpus* proceedings, and remanded her to her former imprisonment under the commitment by an examining magistrate.

For the plaintiff in error there was a brief by *Rubin & Zabel,* and oral argument by *W. B. Rubin.*

For the defendant in error there was a brief signed by *A. C. Backus,* district attorney, and *Carl Muskat,* assistant district attorney, and oral argument by *Mr. Muskat.*

BARNES, J.   The plaintiff in error was arrested on a
·charge of murder in the first degree.  A preliminary exami-
nation resulted in her being held for trial without bail.   She
·seeks discharge from custody by *habeas corpus* proceedings on
the ground that she was not legally committed.   The follow-
ing reasons are urged in support of her contention: (1) There
was no legal preliminary examination because the complain-
ing witness was not sworn thereat; (2) the evidence offered
·at such examination failed to establish the fact that a crime
had been committed; and (3) an alleged confession of the
accused was improperly received for the purpose of establish-
ing the fact that a crime had been committed, and, excluding
·such alleged confession, the evidence offered was wholly in-
adequate to show the commission of a crime, or that there was
probable cause to believe that the accused was guilty of an
·offense.

In the proceeding before us this court can only examine the
·evidence sufficiently to discover whether there was any sub-
stantial ground for the exercise of judgment by the commit-
·ting magistrate.   If there was, relief must be denied.   We
cannot weigh the evidence to determine whether this court
·would reach the same or a different conclusion.   *State ex rel.
Durner v. Huegin,* 110 Wis. 189, 235, 85 N. W. 1046.

1. The contention that the plaintiff in error has not had
·a legal preliminary hearing because the complaining witness
was not called to testify is untenable.   This question was be-
fore this court in *Emery v. State,* 92 Wis. 146, 154, 65 N. W.
·848, and it was there decided that the provision of sec. 4786,
Stats. (1898), requiring the magistrate holding a prelimi-
nary examination to examine the complainant, was directory
·only, and that a legal examination could be had without call-
ing such party as a witness.   We feel no hesitancy in say-
ing that the case was correctly decided.

2. We do not decide in this case that the fact that a crime
has been committed may not be established on a preliminary

Lundstrum v. State, 140 Wis. 141.

examination solely by evidence of a confession of guilt by the accused of the crime with which he has been charged.  Some courts hold that a confession is not sufficient in itself to show the commission of an offense.  We entertain no doubt that a confession may be received and considered by the examining magistrate in connection with other evidence as proof tending to show that an offense has been committed and that there is probable cause to believe the accused guilty thereof. 12 Cyc. 311; *People v. Cokahnour,* 120 Cal. 253, 52 Pac. 505; *U. S. v. Bloomgart,* 2 Ben. 356, Fed. Cas. No. 14,612. The case of *Ex parte Patterson,* 50 Tex. Crim. 271, 95 S. W. 1061, relied on by counsel for plaintiff in error, recognizes the rule that a "confession may be used to assist in making out the *corpus delicti.*"

3. It was clearly established that the decedent met his death as the result of gunshot wounds, and the only question upon which there could be any doubt was whether the evidence was sufficient to negative the idea that they might have been self-inflicted.  The evidence showed that one of the wounds was almost instantly fatal, the pulmonary artery having been severed.  The inference, to say the least, was quite strong that the other wound was made after the fatal shot was fired.  It was in a position and the ball followed a direction that would almost conclusively demonstrate that the party who discharged the gun was not trying to commit suicide.  Perhaps it would not be impossible for a suicide to discharge the revolver in the way in which it must have been discharged in order to produce the wound, but it would certainly be very improbable.  The accused was found in the room with the deceased almost immediately after the shots were fired.  She stated that he shot himself.  When asked where the revolver was, she said she did not know, and it required considerable searching on the part of the police officers to find it; it being finally located behind a door, where it was evidently placed by some one aside from the deceased.  In

addition to this, a week after the homicide the accused stated to an apparently disinterested person, without any suggestion on his part: "Just think, a week ago today at this time I shot Otto." The first name of the decedent was Otto. Unexplained, this statement would naturally be understood to refer only to Otto Lundstrum. Taking all of these facts into account, and bearing in mind the rule that this court can only examine the evidence sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate, we must hold that the order of the circuit court refusing to discharge the prisoner should be affirmed.

*By the Court.*—Order affirmed.

# CASES DETERMINED

# August Term, 1909.