McGillis, Plaintiff in error, vs. The State, Defendant in error.

*May 12—June 6, 1922.*

*Criminal law: Proof as to good reputation: Unexplained possession of stolen property: Instructions: Evidence: Sufficiency.*

1. The evidence is considered and a verdict of guilty of larceny, approved by the trial court, is not disturbed, although defendant was shown to be a farmer of substance who had held positions of trust in his community and who was of previous good character.

2. A charge to the jury as to the weight they should give to the evidence produced concerning the good character of the accused is found to be taken verbatim from *Niezorawski v. State,* 131 Wis. 166, and is approved.
3. That portion of the charge relating to the effect to be given by the jury to the fact that accused was in possession of the stolen property immediately after its loss, is deemed proper.

ERROR to review a judgment of the county court of Chippewa county: T. J. CONNOR, Judge. *Affirmed.*

Plaintiff in error was convicted by a jury of the offense of having stolen, on the night of May 13, 1921, a wagon from the farm of one Joseph Kelly, some six miles from Chippewa Falls.

It was admitted by plaintiff in error that the wagon came into his possession that night and it was found on his farm the next morning stored in a shed. Before and at the trial he stated in substance that he had purchased the wagon from two strangers and at a point quite distant from the Kelly farm and not far from his own.

From the judgment of conviction the defendant sued out this writ of error.

For the plaintiff in error there was a brief by *W. H. Stafford, Harold E. Stafford,* and *W. M. Bowe,* all of Chippewa Falls, and oral argument by *Mr. Bowe.*

For the defendant in error there was a brief by *Orrin H. Larrabee,* district attorney of Chippewa county, and oral argument by *Mr. Larrabee* and *Mr. J. E. Messerschmidt,* assistant attorney general.

ESCHWEILER, J. After consideration of the testimony in this case we cannot feel required to set aside the conclusion of the jury, approved as it was by the trial court. It is deemed unnecessary to here recite the details of the evidence upon consideration of which the jury and the trial court could have reached the conclusion that the plaintiff in error, a farmer of substance, theretofore occupying positions of trust in the community in which he had lived all

of his thirty-eight years and to whose previous good character there were abundant witnesses, should have committed such a theft. Such a conclusion, however, was one which the jury and the trial court might reach and we cannot interfere.

Some criticism is made of the charge to the jury relating to the weight the jury should give to the evidence produced as to the good character of the accused. An examination of the charge discloses that it was taken verbatim from the approved charge on that subject found in the case of *Niezorawski v. State,* 131 Wis. 166, at p. 177 (111 N. W. 250).

Complaint is also made as to the portion of the charge relating to the effect or weight to be given by the jury to the fact that plaintiff in error was found in possession of the stolen property immediately after its loss. Considering all the language of the charge relating to that subject, we do not think it was prejudicial to plaintiff in error and was within the recognized doctrine on the subject. *Ingalls v. State,* 48 Wis. 647, 651, 4 N. W. 785; *Ryan v. State,* 83 Wis. 486, 493, 53 N. W. 836; *Winsky v. State,* 126 Wis. 99, 103, 105 N. W. 480.

*By the Court.*—Judgment affirmed.