MONTELLO, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 11—December 5, 1922.*

*Criminal law: Person found in possession of stolen property: Necessity of explanation: Failure of defendant to testify: When proof is required of defendant.*

1. In a prosecution for the larceny of an automobile, S., who was driving the car when arrested, testified that he had not told M., who was in the car at the time of the arrest, that he had stolen the machine; that he had bought and paid for the gasoline and oil; and that he had invited M., whom he had met in a pool room, to ride with him. At no time had M. driven the automobile, and there was no testimony tending to show that he had ever exercised any dominion over it. *Held,* that the court, trying the case without a jury, was not warranted in finding M. guilty on the theory that he was in the possession of the stolen automobile and had failed to give a satisfactory explanation of his possession thereof by failure to testify, even if S. did fail to tell the truth in testifying as to certain particulars.

2. A strong suspicion of guilt is not sufficient to justify conviction, but the proof must establish guilt beyond a reasonable doubt.

3. The defendant is not required to offer testimony in his defense until proof of guilt beyond a reasonable doubt has at least *prima facie* been adduced by the state.

4. The statute (sec. 4071) providing that omission to testify shall create no presumption against a defendant, M. could rely upon the failure of the proof of the state, and, assuming that *prima facie* he was found in the joint possession of stolen property, he could rest on the explanation of S. as to who was in possession thereof as a sufficient explanation under the law.

5. Where a person is apparently in possession of property recently stolen and there is evidence of facts and circumstances tending to connect him more or less indirectly with the larceny or that he exercised some claim or dominion over the property, then a more or less probable explanation of how he came into possession thereof may be disregarded by the jury, and he may be found guilty upon the strength of such attendant facts and circumstances.

6. Possession of property alone, unsupported by other facts indicative of guilt, is not *prima facie* evidence that the person in possession thereof committed a larceny or burglary.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Reversed.*

The plaintiff in error, hereinafter called the defendant, together with one Smith, was found guilty of the larceny of an automobile. Smith pleaded guilty to the charge, and the defendant waived a jury and was found guilty by the court and sentenced to three years in the house of correction of Milwaukee county. To test the validity of the sentence he sued out a writ of error.

For the plaintiff in error there was a brief by *Richter & Nebel* of Milwaukee, and oral argument by *A. W. Richter.*

For the defendant in error there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *Eugene Wengert,* assistant district attorney, and oral argument by *Mr. Wengert.*

VINJE, C. J.    The automobile was stolen in Milwaukee, and later on the same day Smith and the defendant were arrested in Racine. Smith was driving the automobile and the defendant was with him in the driver's seat. Upon being arrested the defendant refused to answer questions put to him by the officer, except that he stated, as testified to by the officer upon the trial, that he first met Smith in a pool hall in Milwaukee, and upon Smith's invitation rode with him to Chicago, where they were going when arrested. He also told the officer that he came to Milwaukee the same

day with another man who came to see his parents. Smith, who pleaded guilty, testified that he alone stole the automobile, that he stopped at a pool hall to buy some cigarettes and there he first met the defendant and invited him to ride to Chicago, and that he did not tell him that he had stolen the automobile. It also appears from the evidence that Smith alone drove the car, that he bought and paid for the gasoline and oil before they were arrested. It further appears that Smith claimed the motor was running at the time he stole the car, and he disclaimed any knowledge of the Illinois license plates that were found in the car. The evidence further showed that the engine apparently was started by means of a short-circuit wire used for that purpose and that the motor was not running when the owner left it. The evidence also established that the license plates in the car came from Joliet, Illinois, the home of the defendant Smith. The defendant did not testify. Upon this evidence the court found the defendant guilty, presumably upon the theory that, since Smith testified falsely as to how the motor started and as to his possession of the Illinois license plates, he was not to be believed when he testified that he alone stole the car, and that since both were found in the car, although Smith was driving it, the defendant was found in the possession of stolen property and failed to give a satisfactory explanation of how he came to be in possession of the same.

We think the trial court erred in reaching the conclusion from this testimony that the defendant was proven guilty beyond a reasonable doubt. The statute, sec. 4071, provides that his omission to testify shall create no presumption against him, and he had a right to rely for his protection upon the explanation of Smith as to who stole the car and as to who was in possession thereof. We think the fact that Smith's failure to tell the truth, if he did, so far as to how the motor was started and as to the possession of the Illinois license plates, did not justify the trial court in reach-

ing the conclusion that his statement that he alone stole the car was false. At any rate, if a doubt arose as to the truth of his statement it was not sufficiently strong to justify a finding that the defendant was guilty. At best it raised no more than a strong suspicion that he was. The law requires more than this. It requires proof beyond a reasonable doubt, and until such proof has at least *prima facie* been adduced by the state the defendant is not called upon to offer testimony in his defense. He can, if he chooses, rely upon the failure of proof on the part of the state. Assuming that *prima facie* he was found in the joint possession of stolen property, which question we do not decide, still he could rest upon Smith's explanation as to how the car was stolen and as to who was in the possession thereof as a sufficient explanation under the law. The rule upon this subject is well stated in 17 Ruling Case Law, 73, as follows:

"The general rule that the possession of stolen property is evidence of guilt is limited by the rule that to warrant an inference of guilt it must further appear that the possession was personal, and that it involved a distinct and conscious assertion of possession by the accused. It would be pushing the rule too far to require of one accused of a crime an explanation of his possession of the stolen property when such possession could also, with equal right, be attributed to another."

There is nothing in the evidence in this case to show that the defendant was more than a mere passenger in a stolen car; and the explanation as to how he and Smith became acquainted, the fact that Smith stole the car alone, and that he did not acquaint the defendant with the larceny of the car, is not so strange and unreasonable as to lead one to a conclusion beyond a reasonable doubt that the contrary was true.

As before stated, we do not decide whether or not the defendant was found in the possession of stolen goods within the meaning of the law, but, assuming that he was,

we hold that the testimony given by Smith as to who stole the automobile raises such reasonable doubt as to the guilt of the defendant that a verdict or finding based upon the whole testimony cannot be said to be supported beyond a reasonable doubt.    There is no evidence tending to show that the defendant exercised any control over the car, or had done anything with reference thereto, except the mere fact that he was found in the seat with the driver.   If, as in some of the cases cited by the state, there had been, in addition to the facts proved, facts and suspicious circumstances tending to connect the defendant with the larceny, or tending to show that he had exercised some claim of dominion over, or possession of, the car, it might come within the rule that where a person is apparently in possession of property recently stolen, and there is evidence of facts and circumstances tending to connect him more or less indirectly with the theft or with exercise and dominion or control over the property, then a more or less probable explanation of how he came into possession of the property may be disregarded by the jury and he may be found guilty upon the strength of such attendant facts and circumstances above referred to.   Of such a character was the case of *Winsky v. State,* 126 Wis. 99, 105 N. W. 480, and the cases there cited.   It is well settled that possession of property alone, unsupported by other facts indicative of guilt, is not *prima facie* evidence that the person in possession thereof committed a larceny or burglary.   *Stuart v. People,* 42 Mich. 255, 3 N. W. 863; *Ryan v. State,* 83 Wis. 486, 53 N. W. 836.

*By the Court.*—Judgment reversed, and action remanded for a new trial.    The superintendent of the Milwaukee house of correction will surrender the defendant to the custody of the sheriff of Milwaukee county, who will hold him in custody until he shall be discharged therefrom by due process of law.