VEJIH and another, Plaintiffs in error, vs. REDFORD, Sheriff, Defendant in error.

*November 17—December 11, 1923.*

*Burglary: Unexplained possession of stolen goods: Presumption: Preliminary examination: Purpose: Review of magistrate's order.*

1. The unexplained possession of stolen goods shortly after the commission of a burglary creates a presumption of fact against the possessor, calling upon him for explanation as to how he obtained the property. Such presumption, however, is not conclusive but is rebuttable. p. 313.
2. Evidence of possession of the stolen goods, coupled with other circumstances of an incriminating nature, is sufficient to warrant the examining judge in holding the accused for trial after a preliminary examination. p. 314.
3. A preliminary examination is a mere inquest to enable the examining magistrate to determine whether a crime has been committed and whether there is probable cause to believe the defendant guilty; and on appeal the question is whether there was sufficient ground upon which the magistrate, in the exercise of his judicial discretion, could base his order. p. 314.

ERROR to review an order of the circuit court for Waukesha county: C. M. DAVISON, Circuit Judge. *Affirmed.*

The plaintiffs in error had a preliminary examination in

the municipal court in the city of Oconomowoc, Waukesha county, Wisconsin, upon a charge of burglary, and upon the evidence there adduced were bound over for trial. Upon application of plaintiffs in error a writ of *habeas corpus* was issued by the circuit court for Waukesha county to the said municipal court, and upon a hearing duly had said writ was quashed and the plaintiffs in error remanded to the custody of the sheriff, and the proceedings now before this court by writ of error were brought to review the order of the circuit court.

*A. W. Richter* of Milwaukee, for the plaintiffs in error.

For the defendant in error the cause was submitted on the brief of the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Allen D. Young,* district attorney of Waukesha county.

DOERFLER, J. On the night of July 17, 1923, the store of one Bau, in the village of Hartland, Waukesha county, was burglarized and a large amount of personal property taken. During the nighttime of the following day the plaintiffs in error transported by automobile a part of this property to a garage belonging to one Esch in the city of Wauwatosa, Milwaukee county, where it was found by the authorities. Part of the stolen property belonging to Bau was discovered in the home of the plaintiffs in error in the town of Oconomowoc upon a due search made by the authorities pursuant to a search warrant. Upon such evidence adduced upon the preliminary examination the judge found that a crime had been committed and that probable cause existed to believe that plaintiffs in error were guilty, and they were accordingly bound over for trial.

Counsel for plaintiffs in error contends that the evidence in the case merely establishes the fact that his clients were found having in their possession stolen property, and that the mere possession of stolen property does not prove a *prima facie* case, and that the judge who heard the prelim-

inary examination was therefore not warranted in binding over his clients.

In *Montello v. State,* 179 Wis. 170, 190 N. W. 905, it is said:

"It is well settled that possession of property alone, unsupported by other facts indicative of guilt, is not *prima facie* evidence that the person in possession thereof committed a larceny or burglary. *Stuart v. People,* 42 Mich. 255, 3 N. W. 863; *Ryan v. State,* 83 Wis. 486, 53 N. W. 836."

As an abstract proposition this statement of the law is unquestionably correct. However, it has repeatedly been held in this state that the unexplained possession of stolen goods shortly after the commission of the larceny or burglary creates a presumption of fact against the possessor, calling upon him for explanation as to how he obtained the property, and that such presumption is not conclusive but is rebuttable. *Graves v. State,* 12 Wis. 591; *State v. Snell,* 46 Wis. 524, 1 N. W. 225; *Ingalls v. State,* 48 Wis. 647, 4 N. W. 785; *Ryan v. State,* 83 Wis. 486, 53 N. W. 836; *Stuart v. People,* 42 Mich. 255, 3 N. W. 863.

It is difficult to conceive of a situation where the mere possession of stolen property stands alone, unconnected with surrounding facts and circumstances having a tendency to prove either the guilt or the innocence of the possessor. Such other circumstances may be of a nature to dispel the presumption of fact, and, on the contrary, may be strongly corroborative and support it. The text-books and authorities, by way of illustration, refer to numerous circumstances above alluded to.

The instant case, however, is not based solely upon the mere possession on the part of the parties accused of stolen property. The evidence shows that part of this property was, on the night following the burglary, conveyed to a distant county and there deposited in a garage. Additional facts, therefore, appear to supplement the possession, which

may be considered as evidence tending to prove guilt. A further incriminating fact consists of the discovery of a part of the fruits of this burglary in the home of the plaintiffs in error in the town of Oconomowoc. Under the record as so disclosed it can hardly be said that the municipal judge based his order solely upon the fact that the plaintiffs in error were found in possession of the stolen property; and all the authorities apparently agree that, where unexplained possession of stolen property is coupled with other facts and circumstances of an incriminating nature, a conviction upon a trial by a jury may be upheld by the court.

Most of the cases reported in the books have arisen not upon an order of an examining magistrate binding over for probable cause but upon a conviction upon the trial. A preliminary examination is a mere inquest, to enable the examining magistrate to determine whether a crime has been committed and whether there is probable cause to believe the defendants guilty. The question is not whether the appellate court would under the evidence have bound the defendants over, but whether there was sufficient ground upon which the magistrate, in the exercise of his judicial discretion, could base his order.

Whether the evidence in this case would be sufficient to sustain a conviction upon a trial it is not necessary for us to decide, but it does appear conclusively to our minds that the facts and circumstances disclosed were amply sufficient to justify the order of the municipal court pursuant to which the plaintiffs in error were bound over and committed.

*By the Court.*—Order affirmed.