PEOPLE *v.* KRSTOFF.

1. CRIMINAL LAW — WHERE EXAMINATION WAIVED, INFORMATION MAY CHARGE ANY OFFENSE CONTAINED IN WARRANT.
    Where examination is waived, the magistrate binds the party over for trial for the offense charged in the complaint and warrant, and the prosecuting attorney may file an information charging any offense contained in the warrant which in his opinion the evidence will sustain.

2. SAME—INDICTMENT AND INFORMATION—HARMLESS ERROR.
    Where defendant, arrested on a warrant charging breaking and entering and larceny, waived examination, it was error to include another count in the information charging felonious receipt of stolen property, but said error was not prejudicial where said count was withdrawn at the close of the proofs, and no other or different testimony was received because of it.

Exceptions before judgment from Ottawa; Cross

[1]Criminal Law, 16 C. J. § 566; Indictments and Informations, 31 C. J. § 140; [2]Criminal Law, 17 C. J. § 3621.

(Orien S.), J.    Submitted June 16, 1927.    (Docket No. 102.)    Decided July 29, 1927.

Molly Krstoff was convicted of breaking and entering and larceny.    Affirmed.

*Willard G. Turner, Jr.* (*Raymond J. Engle,* of counsel), for appellant.

*William W. Potter,* Attorney General, and *Clarence A. Lokker,* Prosecuting Attorney, for the people.

McDonald, J.    The defendant was arrested on a complaint and warrant charging breaking and entering and larceny.    He waived examination before the magistrate and was held to the circuit court.    There an information was filed against him charging both of the offenses named in the complaint and warrant and including a third count, alleging the felonious receipt of stolen property.    When arraigned, the defendant stood mute and a plea of not guilty was ordered entered by the court.    After the jury was sworn, counsel for the defendant moved that the third count be stricken from the information, for the reason that, having waived examination before the magistrate, he could be informed against only for offenses contained in the warrant.    The court deferred ruling on the motion until the conclusion of the proof, at which time the prosecuting attorney voluntarily withdrew the third count of the information.    The defendant was convicted, and here seeks to review his conviction on exceptions before sentence.

The assignments of error present but one question, and that is whether the court erred in refusing to strike out the third count of the information.    The offense alleged in the third count was not charged in the warrant.    The defendant waived examination before the magistrate.

"Where such examination is waived, the magistrate binds the party over for trial for the offense charged in the complaint and warrant, and the prosecuting attorney may file an information charging any offense contained in the warrant which in his opinion the evidence will sustain." *Stuart* v. *People,* 42 Mich. 255, 258.

See, also, *People* v. *McDonald,* 233 Mich. 98.

The third count ought to have been stricken from the information, but as it was voluntarily withdrawn by the prosecuting attorney at the close of the proof, and was not submitted to the jury by the court, we fail to see how the defendant was prejudiced. It arose out of the same transaction as the other charges in the information, and was covered by the same testimony. If it had been eliminated when defendant first made his motion, the testimony would have been the same as that which was introduced. The failure to strike it out before the proofs were offered did not operate to the prejudice of the defendant. We find no error.

The conviction is therefore affirmed. The cause will be remanded for judgment.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.