STATE EX REL. TESSLER, Appellant, vs. KUBIAK, Sheriff, Respondent.

*April 6—May 2, 1950.*

160

*Cornelius P. Hanley* and *Terence N. Hickey,* both of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, *William J. McCauley,* district attorney of Milwaukee county, and *Aladin E. DeBrozzo,* deputy district attorney, and oral argument by *Mr. DeBrozzo.*

BROADFOOT, J. The main contention of appellant is that the search of his car was illegal. If true, the later seizure of the tools was illegal and the motion to suppress the evidence should have been granted. The appellant testified upon the motion to suppress the evidence that the car he was driving was stopped by a police squad car at an early hour on May 21, 1949. A police sergeant in uniform asked him why he was cruising around the neighborhood and he replied, "I just went around the block once. Would you consider that cruising?" After a few questions by the officer as to what he was doing and where he was going, appellant stated that the sergeant examined the interior of the car with his flashlight. The sergeant then, according to the appellant, ordered him to open the trunk on the car and stated that if appellant did not open it he, the police sergeant, would break it open. Appellant then stated that he opened the trunk because "I had to open it, he was a police officer." It is admitted that the officers had no warrant for the arrest of the appellant and no search warrant for his car.

The gist of the testimony presented by the district attorney at the second preliminary examination on this question was

as follows: On the night of May 20 and the early morning of May 21, 1949, two police officers of the Milwaukee police force were patrolling a beat on the east side of the Milwaukee river. The officers observed a Dodge car cruising about the area. At one point it stopped to admit a passenger who came from between two buildings and entered the car. One of the officers noted the license number of the car and later identified it as the car in which the appellant was arrested. There had been some burglaries in the neighborhood and the officers became suspicious and phoned to the police sergeant. He appeared shortly thereafter, listened to the report of the officers, and watched for the car. He observed it making a left turn, driven on the wrong side of the street, and attempted to stop the car. Being unable to do so he procured a squad car with a driver and followed the Dodge automobile. The sergeant and his driver finally brought the Dodge car to a stop on North Broadway street between East Kilbourn and East State streets. The sergeant approached the Dodge car and found the appellant was the driver thereof. Upon being asked, the appellant gave his name and the sergeant then asked him to produce his driver's license. He produced a driver's license bearing a different name and the sergeant placed him under arrest.

The sergeant further testified that after the arrest he asked appellant what he had in the trunk of the car, and appellant replied, "Do you want to look?" The sergeant stated that he did and that appellant then unlocked the trunk and claimed that the contents were fishing clothes and tools for changing tires. The conversation as to the trunk as related by the sergeant was corroborated by another police officer.

Thus the evidence was in direct conflict. The examining magistrate had the duty of determining the credibility of the witnesses and the weight to be given to the testimony. He elected to believe the police officers and we cannot disturb his finding.

From the evidence so adduced, the district attorney claims that the search was legal for two reasons: (1) The search was made with the consent of the appellant; and (2) it was made incident to a legal arrest. The following cases were cited in support of this contention: *State v. Flanagan,* 251 Wis. 517, 29 N. W. (2d) 771; *Gray v. State,* 243 Wis. 57, 9 N. W. (2d) 68; *State v. Zuehlke,* 239 Wis. 111, 300 N. W. 746; *Scaffido v. State,* 215 Wis. 389, 254 N. W. 651; *Carroll v. United States,* 267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543. These cases are authority for the position of the district attorney and of the determinations of the examining magistrate and circuit judge.

The appellant raises a question which he states as follows:

"Where the examining magistrate made a final order discharging a prisoner and gave permission upon motion and request to the district attorney to appeal under sec. 358.12 (1) (a), Stats., was the district attorney thereby limited to such appeal as an exclusive remedy, or could he proceed by the issuance of a new complaint under sec. 355.20, Stats., when such new complaint was predicated upon evidence ruled incompetent by the examining magistrate?"

Sec. 355.20, Stats. 1947, reads as follows:

"In case any preliminary examination has been had, as provided by law, and the person complained of has been discharged for want of sufficient evidence to raise a probability of his guilt, and the district attorney shall afterwards discover admissible evidence sufficient, in his judgment, to convict the person discharged he may, notwithstanding such discharge, cause another complaint to be made before any officer authorized by law to make such examination, and thereupon a second arrest and examination shall be had."

The appellant contends that the district attorney had not discovered admissible evidence upon which the second warrant was issued but that he relied upon the same evidence acquired by the illegal search of appellant's car, the introduc-

tion of which had been suppressed at the first preliminary examination. These contentions are answered by the decisions in *Campbell v. State,* 111 Wis. 152, 86 N. W. 855, and *Dreps v. State ex rel. Kaiser,* 219 Wis. 279, 282, 262 N. W. 700. In the latter case this court, after quoting the foregoing statute, made the following statement:

"Every consideration urged upon the attention of the court in this case was presented to and considered by the court in *Campbell v. State,* 111 Wis. 152, 86 N. W. 855. It was there held that when a district attorney, acting in good faith, had decided that the evidence discovered is sufficient for the purpose indicated, his conclusion is not open to review upon an objection, at the trial, to the legality of the second examination; nor is it a jurisdictional fact that he should recite in the proceedings that he has discovered additional evidence.

"It was further held that the finding of the magistrate on the first examination was not final or conclusive and was no bar to the second examination under the statute.

"Under this case the contention of the defendant, Kaiser, that the second magistrate was without jurisdiction to bind him over must be overruled."

In the second preliminary examination additional witnesses were called and further admissible evidence was introduced. The second preliminary examination was properly held and the question of procedure was wholly one to be determined by the district attorney.

The appellant finally contends that the tools seized were not burglarious within the purview of sec. 343.131, Stats. This section reads as follows:

*"Possession of burglarious tools.* Any person who shall knowingly have in his possession any nitroglycerine, or other explosive, thermite, engine, machine, tool, implement, device, chemical, or substance designed and adapted for cutting, or burning through, forcing, or breaking open any building, room, vault, safe, or other depository, knowing the same to be designed and adapted for such purpose, with intent to use or employ the same therefor in order to steal from any build-

ing, room, vault, safe, or other depository any money or other property, shall be punished by imprisonment in the state prison not more than ten years or in the county jail not more than one year, or by fine not exceeding one thousand dollars, or by both such fine and imprisonment."

The statute provides three elements of offense: (1) One or more tools, implements, or devices designed and adapted for breaking and entering; (2) possession thereof with knowledge of the character of the same; and (3) an intent to use or employ the same therefor. To sustain a conviction each element of the offense must be proven beyond a reasonable doubt. To hold a defendant for trial following a preliminary examination, however, the test is whether the evidence rendered the charge against the prisoner within reasonable probabilities. Illustrative of the rule are the following quotations from the case of *State v. Whatley,* 210 Wis. 157, 160, 164, 245 N. W. 93:

"As this court said in *State ex rel. Durner v. Huegin,* 110 Wis. 189, 237, 85 N. W. 1046, the reviewing court—

" 'can examine the evidence only sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate. It cannot go beyond that and weigh the evidence. It can say whether the complaint will admit of a construction charging a criminal offense, or whether the evidence rendered the charge against the prisoner within reasonable probabilities. That is all. When it has discovered that there was competent evidence for the judicial mind of the examining magistrate to act upon in determining the existence of the essential facts, it has reached the limit of its jurisdiction on that point. If the examining magistrate acts without evidence, he exceeds his jurisdiction; but any act, upon evidence worthy of consideration in any aspect, is as well within his jurisdiction when he decides wrong as when he decides right.'

"That rule was followed in *Lundstrum v. State,* 140 Wis. 141, 144, 121 N. W. 883; *Vejih v. Redford,* 182 Wis. 311, 314, 196 N. W. 228, and affords the test to be applied to the evidence on this appeal. . . .

"However, in the earlier stages of a criminal proceeding, as at the preliminary examination and the review of the committing magistrate's decision, the test is not whether guilt in those respects has been established beyond a reasonable doubt, but merely whether the evidence, worthy of consideration in any aspect for the judicial mind to act upon, rendered the charge against the prisoner within reasonable probabilities."

A careful review of the record indicates that there was evidence for the examining magistrate to act upon that brings his judicial act within the rule above stated. We carefully refrain from further comment upon the evidence prior to the trial of the appellant.

Because of the above, the circuit court was correct in quashing the writ of *habeas corpus*.

Attention is directed to a provision contained in sec. 274.05, Stats. 1949, which reads as follows:

". . . But no writ of error shall issue or appeal lie to review an order or judgment on *habeas corpus* remanding to custody a prisoner committed for trial pursuant to section 361.18 unless allowed by one of the justices of the supreme court upon a finding that the writ or appeal is not sought for dilatory purposes, after reasonable notice of application for the writ or for leave to appeal and opportunity to be heard to the attorney general and the district attorney of the county involved."

No attempt was made to comply with this statute upon this appeal. However, no objection was raised by the state, and the case was argued by both sides upon the merits. We deem this to be a waiver by the state of the procedure outlined in said section.

*By the Court.*—Order affirmed.