MAXWELL VS. KENNEDY.

*December 8 — December 17, 1880.*

NEW TRIAL: (1) WAIVER *of objection to order for new trial.*
SLANDER: DAMAGES. *(2) Bad reputation, how far considered in mitigation of damages.*

1. If an order granting a new trial is reviewable upon appeal from the final judgment (a question not decided), still, if the party excepting to such order afterwards notices the cause for trial, accepts costs awarded him as terms of granting a change of venue, and goes to trial, without objection, in the court to which the cause is removed, these acts are a *waiver* of his exception to the order for a new trial.
2. In an action for *slander*, plaintiff's previous bad reputation in respect to the crime charged by the slanderous words, may be considered in mitigation of *punitive* as well as of compensatory damages.

APPEAL from the County Court of *Dodge* County.

This action, for slander, was commenced in the circuit court for Dodge county. The words alleged in the original complaint to have been spoken by defendant, charged plaintiff with being a horse-thief. Defendant's evidence on the first trial tended to show that the words actually spoken by him merely charged that plaintiff had the reputation of being a horse-thief; and the jury were instructed that if that was the charge actually made, plaintiff could not recover under the complaint. A verdict having been found for the defendant, a new trial was granted on plaintiff's motion; and he was subsequently permitted to amend his complaint by inserting additional averments setting forth the alleged slanderous words in accordance with the evidence on defendant's part. On plaintiff's affidavit of the prejudice of the judge, the place of trial was changed to the county court. On the trial in that court, defendant was asked, on his direct examination, whether, in any of the conversations shown by the evidence, he intended to charge plaintiff with being a horse-thief; but on plaintiff's objection the question was excluded. Witnesses having been

called by defendant to show that plaintiff had the reputation of being a horse-thief, several witnesses were called by the plaintiff, and, after testifying that they were acquainted with him, were asked, "Is his character good or bad?" Defendant's objection that the question should be limited to the plaintiff's reputation for horse-stealing, was overruled. Defendant excepted to the rulings of the court in the matters above stated, and to an instruction given to the jury, which is set out in the opinion.

There was a verdict and judgment for the plaintiff; and the defendant appealed from the judgment.

For the appellant there was a brief by *Eli Hooker*, his attorney, with *A. Scott Sloan* of counsel, and oral argument by *Mr. Hooker*.

For the respondents there were briefs by *Markhams & Smith* and *E. M. Beach*, and oral argument by *E. P. Smith*.

ORTON, J. We can find no error in the record, except in the giving of a wrong instruction, and in the refusal to give a proper instruction requested, in respect to the mitigation of damages. It may be that an order granting a new trial is reviewable upon an appeal from the final judgment, as an "order involving the merits and necessarily affecting the judgment." 4 Wait's Pr., 343. But this we do not decide. The better practice, however, would seem to be, to appeal directly from such an order, and, in the event of its refusal, the expenses of the second trial would be saved, and the necessity of passing upon two separate records of two different courts on one appeal, as in this case, would be obviated. But in this case the exception to the order was afterwards waived by the appellant, in noticing the cause for trial, in voluntarily following it into another tribunal on change of venue, and going to trial therein without objection, and accepting costs as the terms of the change of venue, and in taking other affirmative action in the cause inconsistent with a reliance upon such exception. *Mont-*

*gomery v. Town of Scott*, 32 Wis., 249; *Carpenter v. Shepardson*, 43 Wis., 406; Hilliard on New Trials, 576. The exception to the rejection of a juror was also clearly waived by afterwards going to trial with a jury of ten by consent. The exceptions taken to the testimony are quite immaterial, and do not appear to rest on sufficient grounds.

The county court instructed the jury as follows: "The defendant is allowed to show, in mitigation of *actual damage* of character, if he can, that at and before the time of the alleged slanders his general character was bad in respect to the crime charged, but this *does not mitigate the exemplary, vindictive or punitory damages.*" The learned counsel of the appellant requested the court to charge as follows: "If the jury find that plaintiff had the reputation of being a horse-thief, that may be taken into consideration *to mitigate the damages, both compensatory and exemplary.*"

Testimony had been introduced on the trial by the appellant tending to show that the general reputation of the plaintiff was bad in respect to the crime imputed in the slanderous words. There appears in the record another instruction as asked on behalf of the appellant, somewhat contradictory and inconsistent with the above instruction requested to be given, and substantially like the above instruction given; and the learned counsel of the respondent insists that thereby the exception of the appellant to the giving of the first and the refusal to give the second of the above instructions is waived. On the other side it is claimed in the argument that said contradictory instruction was not asked, and became a part of the record by mistake. We think this mistake is clearly obvious; for it is very unlikely that the learned counsel of the appellant would except to an instruction given, and at the same time ask that an instruction be given exactly like it, and then except to the giving of the one and the refusal of the other. We the more readily treat this as a mistake, because it relieves the learned county judge of the gross inconsistency of having given and re-

fused the same instruction. The above instruction given was clearly erroneous in ruling that compensatory damages alone were the subject of mitigation by proof of bad character or reputation; and the above instruction asked was clearly correct in making no distinction in these two classes of damages in respect to mitigation.

This question was not directly raised in *B—— v. I——*, 22 Wis., 372, but the language quoted in the opinion by Mr. Justice COLE, from authorities cited, expresses the true ground of the rule: "Because such proof bore directly upon the question of malice, and also as to what was the extent and degree of injury which the plaintiff had sustained by the alleged slander; for it was said that it could not be pretended or maintained by any one that a person of disparaged fame is entitled to the same measure of damages with one whose character is unblemished." After much searching I have been unable to find a case where this direct question has been raised or ruled upon; but there are many cases where the language of the opinion clearly indicates the correct rule, and in all of the cases it seems to be taken for granted that no distinction should be made in the class of damages, whether compensatory or punitory, as the subject of mitigation by proof of bad reputation, as in *King v. Root*, 4 Wend., 113; *Parkhurst v. Ketchum*, 6 Allen, 406; *Stone v. Varney*, 7 Met., 86; *Buckley v. Knapp*, 48 Mo., 152; *Flint v. Clark*, 13 Conn., 368. In this last case, speaking of all damages, both compensatory and exemplary, the court says "that damages may be given for an injury to character in proportion to its worth." In *Stacy v. Portland Pub. Co.*, 68 Me., 279, this subject is most fully and most learnedly and philosophically treated, and the true ground of mitigation in such cases is discovered and authoritatively laid down. The damages found were nominal, and the jury were instructed that they might find damages to the character, and, in addition, exemplary damages by reason of malice. The opinion holds: "There is no room for punitive damages here.

There is no foundation for them to attach or rest upon. It is said, in vindication of the theory of punitive damages, that the interests of the individual injured and society are blended. Here the interests of society have virtually nothing to blend with. If the individual has but a nominal interest, society can have none. Such damages are to be awarded against a defendant for punishment. But, if all of individual injury is merely technical and theoretical, what is the punishment to be inflicted for? If a plaintiff, upon all such elements of injury as were open to him, is entitled to recover but nominal damages, shall he be the recipient of penalties awarded on account of an injury, or supposed injury, to others besides himself? If there was enough in the defense to mitigate the damages to the individual, so did it mitigate the damages to the public as well. Punitive damages are the last to be assessed in the elements to be considered by a jury, and should be the first to be rejected by facts in mitigation." This reasoning is so clear and satisfactory that it is more creditable to appreciate and adopt it than to attempt an original expression of the same general idea in language which would be likely to be less terse and more obscure.

The rule in cases of malicious and aggravated assault, where provocation may mitigate the exemplary damages, but not the compensatory, can have no application to cases of injury to character. For, in the former case, the provocation cannot possibly lessen the damages to the person; but, in the latter, a bad and worthless character cannot be injured as much as a good one. The true rule is, then, that in all such cases the compensatory and punitive damages are inseparably blended, and the punitive damages are dependent upon the compensatory, and must be proportional, and mitigation applies equally to both.

It is to be regretted that, by reason of this error, the judgment must be reversed and a new trial awarded, when the case was so fully and ably tried, and with great expense, and

with considerable injury to the parties and the public; but we cannot escape the consequences of such a palpable error in the instructions, which may have affected the verdict.

*By the Court.* — The judgment is reversed, with costs, and a new trial awarded.