SËIDEMAN, Respondent, vs. SHEBOYGAN LOAN & TRUST COMPANY and others, imp., Appellants.

*January 8—February 5, 1929.*

98

The cause was submitted for the appellants on the brief of *C. F. Whiffen* of Sheboygan, and for the respondent on that of *A. V. Jackowska-Peterson* and *Lilian M. Kohlmetz*, attorneys, and *Charles E. Carpenter,* of counsel, all of Milwaukee.

ESCHWEILER, J.   Within two weeks after defendants took their appeal from the order of the trial court overruling their

demurrer to the third cause of action they elected to serve a verified answer to such third cause of action. By so answering after the overruling of the demurrer they waived or lost their right to appeal from the order on the demurrer. *Schlecht v. Anderson,* 197 Wis. 556, 202 N. W. 822.

The stipulation of the parties that the separate appeals might be consolidated and heard here cannot displace such waiver. We shall not, therefore, directly consider on this appeal any question concerning the demurrer to the third cause of action. There is quite a similarity, however, in the situations presented, so far as any question of law is concerned, between the third and the amended fourth cause of action, and our present ruling as to the fourth cause may make needless any further review as to the demurrer to the third cause, because such third cause presents a series of subsequent facts relating to the original transaction in April, 1919, as set forth in the first cause of action, and the fourth cause does the same as to those set forth in the two items of November, 1919, and March, 1920, embraced in the original second cause of action.

The record recited in the statement of facts *supra* discloses quite plainly that the amended fourth cause of action is the result of long travel and hard travail, but the trial court determined, and we think correctly, that a cause of action had finally come into being with sufficient strength to withstand defendants' renewed demurrers as to its sufficiency. Defendants' attacks below and here were, and are, based largely upon what was considered to be the analogy between the situation here presented and that presented in the case of *Blake v. Miller,* 178 Wis. 228, 189 N. W. 472, where a complaint was held bad on demurrer.

It can be gathered from the pleading before us that the plaintiff, a school teacher in Sheboygan, had, long before June and August, 1923, purchased of the defendant Loan & Trust Company, through and by means of misrepresentations

by its directors and officers made to induce her to so purchase and upon which she relied, certain bonds of an issue by the Price County Farms Company and secured by deed of trust to the defendant company as trustee; that in June, 1923, plaintiff felt that such bonds were not the good investment that had been represented to her at the time of the original purchase; that it had been agreed by the defendant company at the time of original purchase that in case the plaintiff felt that such investment was insecure she could at any time receive her money back; that in June, 1923, she informed the Trust Company that she would return the bonds and wanted her money back on account of the default by the Farms Company in the payment of interest and because she felt her investment was insecure; that in June, 1923, the representations were made by the defendant company that the bonds, in spite of generally bad farming conditions then prevalent, were a good and safe investment; that the defendant was then negotiating for the sale of such lands and that plaintiff would not lose her money; and that such statements were made to induce the plaintiff to refrain from insisting upon the return of the bonds and demanding her money and from discovering the false and fraudulent representations theretofore made to her concerning her investments; that because of her belief in and reliance upon such representations by the defendant company, its officers and agents, she did not insist upon the return of the bonds and the obtaining of her money.

Further allegations are made about representations made to her concerning a bondholders' protective committee to be formed to proceed to secure persons interested in such bonds; and that in August, 1923, when she surrendered her bonds to such committee, the bonds were not a valuable or salable security and merely a speculation; that plaintiff, since June, 1925, repeatedly informed the defendant company that she rescinded the contract under which she deposited the bonds

in August, 1923, and demanded the return thereof, which the defendant company fails to do. That the representations so made in June and August, 1923, were made to prevent her discovering the true facts as to her investments and "of causing her to desist in her demands for the return of her money."

That at all the dates mentioned in the amended fourth cause of action plaintiff was without any business training and reposed full confidence and trust in the defendant Trust Company, which, for many years prior to August, 1923, had occupied a relation of trust and confidence towards plaintiff, had transacted business for her, and had had charge of all her investments.

If this complaint is to be considered, as it is urged by appellant that it must be, as setting forth in substance and reality nothing other than a continued course of concealment of the original fraud claimed to have been perpetrated in November, 1919, and March, 1920, when the original purchase was made, then there is a failure to state a live cause of action at the time of the commencement of this action because of any such cause or right of action having been lost by reason of the passing of the six years statutory period between the consummation of the original fraud and the commencement of the. action to recover damages for such original fraud. Under repeated rulings of this court, express reference to which holdings is not now necessary because the rule is conceded by respondent's counsel, continued and renewed material false representations which merely prevent the discovery of the original fraud do not toll the statute of limitations in such situations. The subject is fully and sufficiently discussed in *Blake v. Miller,* 178 Wis. 228, 189 N. W. 472, *supra.*

We deem, however, that there is more than that situation here presented under the liberal construction to be given to this pleading. It is, in effect, asserted that within the six

years prior to the commencement of this action, upon a then present desire of the plaintiff to surrender, because she deemed them valueless, the securities which she had purchased long prior thereto from the defendant Trust Company and to assert a right which she then had under a then valid and subsisting contract for a repurchase of the bonds by the defendant company, she was induced, by misrepresentations then made as to an existing situation, to refrain from insisting upon her contract rights to recover back her money.

While the relationship of an inexperienced investor with a trust company and its officers and directors, looked to with trust and confidence by the plaintiff for honest advice as to her investments, may have been breached in the original purchase of the bonds, yet if that relationship continued, as it is alleged that it did, then, when the time arrived when plaintiff must either assert her claimed cause of action under the contract to repurchase or lose all rights thereunder because of the statute of limitations, there was then presented a new and independent situation and a new challenge or demand to and upon these defendants to honestly advise her of the real facts as they at this subsequent period existed, and if she was then induced, by materially false representations, to desist from presenting and asserting a valid claim for a return of her money so invested, a new right of action then arose.

The situation therefore is clearly within the exception referred to in *Blake v. Miller, supra,* at p. 237, "If the plaintiff had contemplated action of any sort and the defendant Miller had intervened and by means of false representations had induced the plaintiff to refrain from acting, a different situation would be presented. No allegation of that character appears in the complaint."

Appellants further contend that the transactions complained of are such as were beyond the scope of the corporate

powers of the defendant Trust Company and that therefore the demurrer should be sustained as to it. This contention in appellant's brief, however, is not supported by citation of authorities, nor by much vigor of argument. It sufficiently appears from the allegations of the complaint that the purchase was of securities then belonging to the defendant company itself. We see no force, therefore, to this contention.

*By the Court.*—Order affirmed.