PETERSON, Administratrix, Respondent, vs. KEMLING and another, Appellants.

*November 18—December 23, 1947.*

*Stafford & Stafford,* attorneys, and *Robert F. Pfiffner* of counsel, all of Chippewa Falls, for the appellants.

*Doar & Knowles* of New Richmond, for the respondent.

ROSENBERRY, C. J.  The material facts in this matter are as follows:  This case was begun by Mary Peterson, administratrix of the estate of Melvin Peterson, deceased, on or about the 30th day of January, 1946, against Gay Kemling and the Minnesota Farmers Mutual Casualty Insurance Company to recover damages claimed to be due for the death of Melvin Peterson who was killed on the 13th day of June, 1945.  The defendants answered.  The case was tried to the court and jury on September 3 and 4, 1947.  On September 19th the

court set aside the verdict and ordered a new trial on ground that the verdict was not agreed to by ten or more jurors. Thereafter and on September 29, 1947, the parties to the action stipulated and agreed in open court that the case was to be placed upon the September, 1947, calendar. By agreement of the parties a jury was drawn on September 29, 1947, and the case set for trial on November 19, 1947. On the 8th day of October, 1947, the defendants served a notice of appeal from the order granting a new trial, and on the 7th day of November, 1947, the attorneys for the plaintiff appearing especially in this court moved to dismiss the appeal on the grounds—first, that the notice of appeal was not properly served and, second, that the defendants waived their right to appeal from the order of September 19, 1947, by stipulating that the case should be set down for trial and proceeding with the trial to the extent of striking a jury prior to the time the notice of appeal was served. In *Schlecht v. Anderson,* 197 Wis. 556, 222 N. W. 802, it was held that where a defendant demurred to an amended complaint and the demurrer was overruled he waived his right to appeal by answering. See *Seideman v. Sheboygan L. & T. Co.* 198 Wis. 97, 100, 223 N. W. 430. Stipulating to set a case down for trial on a day certain and striking a jury for the trial of the case is unquestionably much more significant and inconsistent with an appeal than filing an answer either before or after the appeal is taken. Under the rule of the cases cited the appeal must be dismissed.

The defendants' counsel argue that because it is the practice of the trial court to require juries to be drawn on the first day of the term and setting cases for a day certain they were coerced and had no opportunity to consult with their clients with respect to taking an appeal before making the stipulation in regard to trial and striking a jury. The record nowhere discloses that the defendants' counsel brought the matter of appeal before the court. If they had asked an extension of

time within which to ascertain their clients' wishes with respect to an appeal the court would no doubt have granted it.

Defendants' counsel argue that drawing a jury in St. Croix county is not participating in a trial as perhaps it would be in other circuits where a jury is drawn during the term. Then the case is immediately tried after the jury is drawn.

The verdict was set aside by the court on September 19th. The clerk's minutes of September 29th disclosed the following with respect to this case:

"Jury drawn and sworn. Opening statement made by W. T. Doar [names of jurors]. Case set for trial by stipulation of attorneys for parties for November 19, 1947, 9:30 a. m."

It appears therefore from the record that the defendants' counsel had ten days in which to communicate with their clients before they stipulated that the jury should be struck and the case set down for trial on a day certain. We shall not discuss whether the proceeding constituted entering upon a trial. It is a course of conduct which is clearly inconsistent with the exercise of the right of appeal and a submission to the order from which they subsequently appeal, and for that reason constitutes a waiver of the right of appeal. As was said in one of the cases a party cannot march in opposite directions at the same time.

We do not find it necessary to deal with the contention of the plaintiff that the appeal was not properly taken as in any event it should be dismissed.

*By the Court.*—Appeal dismissed with $25 costs.