STATE EX REL. HANNA, Appellant, v. BLESSINGER, Sheriff of Racine County, Respondent.

*No. 216.  Argued September 15, 1971.—Decided October 5, 1971.* (Also reported in 190 N. W. 2d 199.)

For the appellant there was a brief by *Stewart, Peyton & Crawford* of Racine, and oral argument by *John Peyton.*

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J. The sole issue on this appeal is whether there was sufficient credible evidence introduced at the preliminary hearing to bind appellant over for trial.

The purpose of a preliminary examination, as now codified by sec. 970.03 (1), Stats.,[1] is to determine if there is probable cause to believe a felony has been committed by the defendant. The burden which the state must sustain at the preliminary was set forth by this court in *State ex rel. Marachowsky v. Kerl:*[2]

"It is well established in this state that the evidence at a preliminary hearing need not be sufficient to prove the charge against the defendant beyond a reasonable doubt. The reviewing court can examine the evidence only sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate. When the reviewing court has discovered that there is competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts, it has reached the limit of its jurisdiction and cannot go beyond that and weigh the evidence. . . ."

The examining magistrate determines if this burden has been met.[3] He has the duty of determining the credibility of the witnesses and the weight to be given to their testimony.[4]

Appellant admits that sufficient evidence was introduced at the preliminary to show that a felony had been committed. Hanson testified that while he was sitting at the bar Hanna came over to him and said something.

---

[1] *See also:* sec. 954.13 (1), Stats. 1967.

[2] (1951), 258 Wis. 309, 313, 45 N. W. 2d 668.

[3] *State ex rel. Tessler v. Kubiak* (1950), 257 Wis. 159, 42 N. W. 2d 496.

[4] *Id.* at page 162.

Hanson replied "I don't want to be bothered with you," and turned away from appellant. Hanson then was hit on the head with what he thought was a beer glass. He spun around and, as he was struck a second time, knocked a beer glass from Hanna's hand. Hanna attacks the bindover because, in his view, the record does not contain sufficient credible evidence that Hanna committed the crime. His claim is that Hanson's testimony was not credible and was all in terms of a conclusion as to the identity of his assailant rather than specific evidence pointing to the fact that Hanna was the assailant. Hanson's credibility was, as we have stated, a matter for the magistrate to determine. What then does the record establish to support the bindover of Hanna as the one who committed the crime? Hanson testified that Hanna had struck him although he had not seen him strike the actual blow because he was not facing appellant at the time. Hanson testified that when he spun around immediately after the blow he grabbed Hanna and that there was no doubt in his mind that Hanna had struck him.

Hanson testified (on redirect examination):

"*Q.* Did you see Mr. Hanna hit you? *A.* When I turned around the first thing I seen he was there and I told him to sit down and then I turned around again when I got hit again and he was the only one who could have.

"*Q.* Why? *A.* Because there was nobody close enough to me, behind me, who could have. There was no one else."

Following examination by counsel, the court commissioner asked the following questions of Hanson:

"*Q.* Mr. [Hanson], at the time you turned and were struck in the face, which caused the scarring on your nose, did you see with your eyes, without any doubt as to who hit you or how you were hit? *A.* I seen Mr. Hanna as soon as I turned around, just before I got hit in the face and after I got hit in the face I saw Mr. Hanna.

*"The Court:* You saw Mr. Hanna. Did you see him hit you with anything? *A.* The one coming at me, yes. I don't know if he threw it or hit me with it, and I seen it coming and—

*"The Court:* Did you see Mr. Hanna's arm in motion, in a hitting motion or throwing motion? *A.* What am I supposed to see? I don't want to perjure myself here. Maybe I did see it, maybe I didn't; I don't know.

*"The Court:* Well, it is possible that somebody else may have thrown the glass? *A.* It wasn't possible because it would have hit Mr. Hanna if any one behind him threw it.

*"The Court:* In other words, you are saying that if it had been thrown by any one in back of Mr. Hanna it would have hit Mr. Hanna in back of the head because he was right up in front of you? *A.* He was right next to me, yes, right in front of me after I turned.

*"The Court:* Is there any doubt in your mind, at all, that the defendant is the one who hit you? *A.* There is no doubt in my mind, whatsoever. There is no doubt by any one else who was in the bar and I think if you would get Sue and Moe down here they would testify because they were right behind him and they must have seen it.

*"The Court:* Sue and Moe are not here and we have to rely on your testimony. *A.* There is no doubt in my mind."

We are satisfied, as was the circuit court, that there is sufficient credible evidence to support the bindover.

*By the Court.*—Order affirmed.