COURT OF APPEALS
DECISION
DATED AND FILED

December 12, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP1561**

STATE OF WISCONSIN

Cir. Ct. No.  **2018CV8456**

IN COURT OF APPEALS
DISTRICT I

---

F. DUSTIN BOWIE,

    PLAINTIFF-RESPONDENT,

  V.

ROBERT A. SETTECASE,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: PEDRO A. COLON, Judge. *Affirmed.*

Before White, C.J., Donald, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Robert A. Settecase appeals from a trial court order upholding a jury verdict in favor of his former business partner, F. Dustin Bowie.

Settecase contends that the trial court erred in denying his motion for a directed verdict because there was insufficient evidence to uphold the verdict. Upon review, we disagree and affirm the trial court.

## BACKGROUND

¶2      This case stems from a business dispute between two former business partners, Settecase and Bowie. The parties jointly owned Premier Milwaukee, LLC, which owned and operated a Milwaukee-area bar. The parties have a contentious litigation history which began in 2014 when Settecase brought a suit against Bowie alleging, as relevant to this appeal, breach of contract, fraud, and conversion. Settecase sought the appointment of a receiver, the dissolution of the business, and an accounting of money owed by Bowie. Settecase alleged that Bowie defrauded the business and also demanded money damages. The trial court ultimately appointed a receiver for the business and later entered an order conveying the business's assets to Settecase. Settecase, however, failed to follow court orders regarding the transfer of the assets. He also failed to follow pretrial orders requiring him to name witnesses and itemize damages, respond to interrogatories, and file a pretrial report. The trial court ultimately dismissed the case without prejudice.

¶3      Bowie then filed the lawsuit underlying this appeal, alleging abuse of process against Settecase. Bowie alleged that "Settecase's lawsuit gave the false impression that Bowie had converted money of Premier Milwaukee and Settecase and defrauded them." Specifically, Bowie alleged that Settecase sought to avoid obligations under the business's operating agreement, sought to avoid compensating Bowie, and sought to gain managerial control of the business.

¶4      Settecase moved for summary judgment. The trial court denied the motion stating that "a reasonable jury could conclude that Settecase brought claims

of fraud and conversion to gain leverage over Bowie, who was the managing member of their company." The matter proceeded to trial and Settecase moved for a directed verdict. The trial court denied the motion. The jury returned a verdict in favor of Bowie. Settecase renewed his motion for a directed verdict, which the trial court again denied. This appeal follows.

## DISCUSSION

¶5    On appeal Settecase contends that this court "should overturn the jury's verdict and damages award as the trial court erred in allowing the abuse of process claim [to] go to the jury." He also contends that there was insufficient evidence to support the verdict.

¶6    Settecase first claims that the trial court never should have allowed the matter to proceed to trial in the first place. However, a party who proceeds to trial waives the right to appeal an order denying his or her earlier motion for summary judgment. *Wittke v. State ex rel. Smith*, 80 Wis. 2d 332, 345, 259 N.W.2d 515 (1977). Settecase thus waived the right to appeal the order denying summary judgment and we will not discuss this issue further.

¶7    As to Settecase's claim that the jury's verdict was unfounded, we conclude that Settecase has not demonstrated any errors of law. The record before this court is limited to partial transcripts of the jury trial, therefore this court cannot fully assess the evidence presented at trial. The appellant must ensure a complete record related to the issues on appeal. Missing material is assumed to support the trial court's decision. *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226 (Ct. App. 1993). Therefore, we must assume that the evidence presented at trial was sufficient for the jury's verdict and for the trial court's decision denying Settecase's motion for a directed verdict.

¶8 For the foregoing reasons, we affirm the trial court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).